IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) BILL G. PERRY FAMILY DESIGN, )
LLC, an Oklahoma limited liability )
company; and )
(2) BILLY PERRY, JR., an individual, )
 )
            **Plaintiffs,** )
 )
v. )  Case No. CIV-17-1357-R
 )
(1) NEW GENERATION HOMES, LLC, )
an Oklahoma limited liability company; )
(2) MATTHEW ANDERSON, an individual; )
(3) SAND PROPERTIES, LLC, )
an Oklahoma limited liability company; )
(4) DEREK SHANNON, an individual; and )
(5) JOHN DOES 1–99, true names unknown, )
 )
           **Defendants.** )

## ORDER

Before this Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 46).[1] For the reasons stated herein, Defendants' motion is DENIED.

**I.    Background**

Plaintiffs filed this suit on December 20, 2017, asserting copyright infringement and breach of contract claims. *See* Doc. 1; *see also* First Am. Compl., Doc. 40. Taking as true

---

[1] On January 14, 2019, the Court consolidated Case No. CIV-17-1357-R with Case No. CIV-18-1082-R. *See* Doc. 62. Defendants filed a motion to dismiss in the latter suit, to which Plaintiffs had responded by the time of consolidation. *See* Case No. CIV-18-1082-R, Docs. 15–16. The issues presented in the instant motion and the motion to dismiss filed in CIV-18-1082-R are virtually indistinguishable, with the major difference between the two matters being the parties named as Defendants. Following consolidation, the operative complaint and motion to dismiss are those filed in CIV-17-1357-R. To the extent the motion to dismiss in CIV-18-1082-R differs from the instant motion, the Court has considered the former in its analysis of the motion now before it.

all well-pleaded factual allegations in the complaint and viewing them in the light most favorable to Plaintiffs, *see Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013), Plaintiff Bill Perry, Jr., "creates and authors architectural works, pictorial works, and graphic works" for Plaintiff Bill G. Perry Family Design, LLC ("Family Design"). Doc. 40, at 2–3. These works include "house designs, house design plans, blueprints, and related pictorial and graphic works." *Id*. at 3. Family Design licenses these works for profit. Plaintiffs allege that Defendants "advertised, constructed, offered and at various times sold houses" based on Plaintiffs' works, thereby infringing on the works' copyright. *Id*. at 6–12; *see also* Doc. 40-2. Plaintiffs identify these purportedly infringing houses by street address, along with codes used by the parties to denote the designs on which the houses are based. Doc. 40, at 6–12.; *see also* Doc. 40-1.[2] Plaintiffs also allege that Defendant breached the single-use licenses to which these plans and others were subject by constructing additional houses based on the plans and copying or otherwise producing derivations of the plans. *See* Doc. 40, at 12–13; *see also* Doc. 40-1; Doc. 40-3.

## II. <u>Legal Standards for a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss</u>

A legally-sufficient complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).[3] Operationalizing the Rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556

---

[2] "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).
[3] A legally-sufficient complaint must also include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." *Id*.

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard "is 'a middle ground between heightened fact pleading . . . and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). That is, the plaintiff's complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. at 1192 (internal quotation marks and citations omitted). While assessing plausibility is "a context-specific task . . . requir[ing] . . . court[s] to draw on [their] judicial experience and common sense," *Iqbal*, 556 U.S. at 679, complaints "'plead[ing] factual content that allows the court to . . . reasonabl[y] infer[] that the defendant is liable for the misconduct alleged'" are facially plausible. *See S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III. <u>Discussion</u>

In their motion to dismiss, Defendants offer four arguments, or "propositions": (1) Plaintiffs' allegations of willful and intentional copying fail to state a claim, (2) Plaintiffs' allegations that Defendants are "legally interchangeable" fail to state a claim, (3) Plaintiffs fail to state an actionable claim of copyright infringement, and (4) Plaintiffs' breach of contract claim is preempted by the Copyright Act. Doc. 46, at 4–11. All of Defendant's "propositions" fail to show that Plaintiffs' amended complaint is fatally deficient.

(A) <u>Propositions I–III</u>

Defendants' first three propositions rest on the same legal argument: portions of Plaintiffs' amended complaint are pled formulaically and implausibly, such that they fail

to satisfy Fed. R. Civ. P. 8(a)(2). Doc. 46, at 4–6. Specifically, Defendants argue under Proposition I that Plaintiffs' allegations of willful, intentional, and malicious copyright infringement are the types of "conclusory allegations" that the United States Supreme Court held insufficient to state a claim in *Ashcroft v. Iqbal*. *See* Doc. 40, at 7–13; Doc. 46, at 4–5; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Similarly, Proposition II asserts that Plaintiffs' allegations relating to the liability of each Defendant—that is, that they are "legally interchangeable and are the alter egos [of one] another"—are conclusory and, thus, insufficient. Doc. 46, at 5–6. Finally, Proposition III attacks the sufficiency of Plaintiffs' copyright claims as pled. *Id*. at 6–8.

The elements of a copyright infringement claim are straightforward: Plaintiffs must prove "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1138 (10th Cir. 2016) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Plaintiffs have alleged ownership of a valid copyright, and Defendants do not appear to contest this. *See* Doc. 40, at 6 ("The Plaintiffs have registered with the United States Copyright Office . . . the architectural works, house designs, and house design plans at issue herein . . . ."); Doc. 40-2, at 1 (stating works at issue registered under designation "VA-1-381-273"); *see also* Doc. 46, at 6–8. Rather, Defendants argue that Plaintiffs

insufficiently pled the second element of copyright infringement: that Defendant copied original elements of the work. *See* Doc. 46, at 6–8.[4]

As to whether Defendants "copied" the works in question, Plaintiffs clearly allege that they did. *See* Doc. 40, at 8 ("Defendants have infringed upon several of the Plaintiffs' copyrights *by copying and duplicating* the Plaintiffs' . . . works . . . ." (emphasis added)). And as to whether those elements copied were sufficiently "original," this issue involves factual questions inappropriate for resolution at the motion-to-dismiss stage. *See McNeese Photography, L.L.C. v. Access Midstream Partners, L.P.*, No. CIV-14-0503-HE, 2014 WL 3919575, at *2 (W.D. Okla. Aug. 11, 2014) ("A determination of whether plaintiffs' works contain sufficient originality to entitle them to copyright protection, however, involves questions of fact not ordinarily appropriate for resolution on a motion to dismiss."); *see also FragranceNet.com, Inc. v. FragranceX.com, Inc.*, 679 F. Supp. 2d 312, 320 (E.D.N.Y. 2010) (noting that originality is "a factual issue . . . inappropriate for determination on a motion to dismiss" and one best resolved "on a motion for summary judgment, after the parties have conducted discovery and had the opportunity to submit evidence on the issue"). Accordingly, the Court concludes that it is premature to resolve issues of

---

[4] Specifically, Defendants argue that Plaintiffs have failed to properly plead the two subparts of the second element of a copyright infringement claim: that Defendants (1) "as a factual matter, copied portions of Plaintiffs' work; and (2) that those elements of the work that were copied were protected expression and of such importance to the copied work that the appropriation is actionable." Doc. 46, at 7 (internal quotation marks, citations, and brackets omitted); *see also Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 832 (10th Cir. 1993) (noting that whether a defendant unlawfully copied original elements of a work "involves two separate inquiries: 1) whether the defendant, as a factual matter, copied portions of the plaintiff's [work]; and 2) whether, as a mixed issue of fact and law, those elements . . . that have been copied are protected expression and of such importance to the copied work that the appropriation is actionable.").

originality *and* that Plaintiffs have pled sufficient factual content to state copyright infringement claims.

Defendants' Propositions I and II fare no better. As to Proposition I, the Court finds that Plaintiffs sufficiently pled willful copyright infringement. "Willfully" in the copyright infringement context means that Defendants knew their conduct constituted copyright infringement or recklessly disregarded Plaintiffs' rights. *Moos v. Craft Outlet, Inc.*, No. CIV-16-750-C, 2017 WL 238445, at *1 (W.D. Okla. Jan. 19, 2017). The willfulness of the infringement, if proven, is germane to the damages available to Plaintiffs. *See* 17 U.S.C. § 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages . . . ."); *Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp. 2d 1263, 1269 (W.D. Okla. 2005) ("Enhanced statutory damages are available when plaintiff sustains the burden of proving that the copyright infringement was committed willfully."). While Plaintiffs could have alleged "willfulness" with greater clarity or detail, the Court is satisfied that the factual content in the amended complaint makes out a claim for willful copyright infringement. *See, e.g.*, Doc. 40, at 6–11 (noting that Defendants intentionally used Plaintiffs' works in unauthorized ways).

As to Proposition II, Defendants' arguments are unavailing. In asserting that Plaintiffs' liability theories are deficiently pled, Defendants greatly emphasize language from an unpublished Sixth Circuit Court of Appeals decision, *Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Construction Co.* ("*Patrie*"). *See* Doc. 46, at 5–6. In *Patrie*, the Sixth Circuit noted that "generalized and conclusory allegations regarding

6

common ownership, employees, management, control, and decisionmaking are essentially a recitation of the legal standard and are plainly insufficient to state a claim of alter ego status." *Patrie*, 618 F. App'x 246, 254 (6th Cir. 2015) (internal quotation marks, citations, brackets, alterations, and ellipsis omitted). Defendants surely know that Sixth Circuit decisions—especially unpublished ones—do not bind this Court. Moreover, *Patrie* deals with the equitable "alter-ego doctrine" at play in the collective bargaining context. *Id*. at 252. This doctrine "developed to prevent employers from evading obligations under the National Labor Relations Act" and "operates to bind an employer to a collective bargaining agreement if it is found to be an alter ego of a signatory employer." *Trs. of Detroit Carpenters Fringe Benefit Funds v. Indus. Contracting, LLC*, 581 F.3d 313, 317–18 (6th Cir. 2009) (internal quotation marks, citations, and brackets omitted). Given that the instant suit concerns copyright infringement and breach of contract claims—not labor disputes—Defendants' cited caselaw is of dubious persuasive value.

More to the point, what Plaintiffs' allegations regarding alter ego status, *respondeat superior*, and the like aim to establish is vicarious and contributory liability on the part of each Defendant. "One infringes contributorily by intentionally inducing or encouraging direct infringement, and [one] infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 914, 930 (2005). "[T]hese doctrines of secondary liability . . . are well established in the law." *Id*. Again, Plaintiffs likely could have submitted an amended complaint with a more vivid factual narrative. But Plaintiffs' factual allegations

7

regarding Defendants' relationships between and among each other are sufficient—at this stage—to avoid dismissal.

Broadly, the gravamen of Plaintiffs' amended complaint is clear: Defendants infringed on Plaintiffs' copyright by using Plaintiffs' works in unauthorized ways and exceeding the single-use license attached to them. *See generally* Doc. 40. Though perhaps not a paragon of pleading proficiency, Plaintiffs' amended complaint is *not* the hodgepodge of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that *Twombly* and its progeny targeted. *Iqbal*, 556 U.S. at 678. Moreover, the Tenth Circuit, while characterizing the "*Twombly/Iqbal* standard" as a "middle ground" between heightened pleading and naked, formulaic recitation of legal conclusions, recognized that *Twombly* and *Iqbal* merely "refined" Rule (8)(a)(2)'s longstanding requirement that Plaintiffs need only give Defendants "fair notice" of the claims and the grounds upon which they rest. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191–92 (10th Cir. 2012); *see also supra* Section II. Defendants ground much of their motion in a rigid application of *Twombly* and *Iqbal*, when, in truth, Plaintiffs' amended complaint plainly gives fair notice to Defendants of the claims they face and the facts and theories supporting those claims. The Federal Rules— even with *Twombly* and *Iqbal*'s patina—require nothing more. Accordingly, Defendants' motion as to Propositions I, II, and III is denied.

(B) <u>Proposition IV</u>

Defendants also argue that Plaintiffs' breach of contract claim, *see* Doc. 40, at 12–13, is preempted by the Copyright Act of 1976, which reads in pertinent part:

8

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). As the Tenth Circuit has held, "§ 301 preempts a state common law or statutory claim if: '(1) the work is within the scope of the subject matter of copyright as specified in 17 U.S.C. §§ 102 and 103; and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106.'" *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1542–43 (10th Cir. 1996) (quoting *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 847 (10th Cir. 1993)). This standard, as applied, compares the elements of a copyright infringement claim with the elements of the state-law claim in question. Thus, "'if a state cause of action requires an *extra element*, beyond mere copying, preparation of derivative works, performance, distribution[,] or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action.'" *SCO Grp., Inc. v. Int'l Bus. Machs. Corp.*, 879 F.3d 1062, 1080 (10th Cir. 2018) (quoting *Gates Rubber Co.*, 9 F.3d at 847).

As stated above, copyright infringement involves two elements: (1) ownership of a copyright and (2) copying of a work's original elements. *See supra* Section III(A). Conversely, "[u]nder Oklahoma law, to recover under a claim for breach of contract a plaintiff must show: 1) formation of a contract; 2) breach of the contract; and 3) damages

as a direct result of the breach." *Terry v. Health Care Serv. Corp.*, 344 F. Supp. 3d 1314, 1320 (W.D. Okla. 2018) (internal quotation marks and citations omitted); *accord Cates v. Integris Health, Inc.*, 2018 OK 9, ¶ 11, 412 P.3d 98, 103. As an Oklahoma breach of contract claim contains one or more elements not necessary to a federal copyright infringement claim, the Copyright Act does not preempt the contract claim here. *See Chalfant v. Tubb*, 453 F. Supp. 2d 1308, 1320 (N.D. Okla. 2006) ("[T]he weight of authority supports[] that the promise and consideration elements qualitatively distinguish breach of contract claims from copyright infringement cases."); *see also Storagecraft Tech. Corp. v. Persistent Telecom Sols., Inc.*, No. 2:14-CV-76-DAK, 2016 WL 7155782, at *9 (D. Utah Dec. 6, 2016) ("[T]he identification of an extra element in the state law claim beyond those required for the copyright infringement claim is sufficient to show that the causes of action are qualitatively different from each other."). Thus, Defendants' motion as to Proposition IV is denied.

### IV. Conclusion

Plaintiffs' amended complaint is legally sufficient and includes no preempted claims. Additionally, many of Defendants' arguments are best raised on summary judgment, as they require the Court to consider matters outside the pleadings. Thus, Defendants' motion to dismiss the amended complaint (Doc. 46) is DENIED.

IT IS SO ORDERED this 25th day of March, 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE